IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00325-LTB-MEH

VICTOR VIRGILIO JONES,

    Plaintiff,

vs.

UNITED STATES,

    Defendant.

## RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

### INTRODUCTION

By Order of Reference to United States Magistrate Judge, filed March 7, 2006, this matter has been referred to me pursuant to 28 U.S.C. § 636 (b)(1)(A), (B) and (C) and Fed.R.Civ.P. 72(a) and (b) to conduct such case management proceedings as are necessary, to include making recommendation to the District Court on matters dispositive to this case.

As set forth below, the record in this case indicates that subject matter jurisdiction over the claims presented by the Plaintiff in his Complaint does not exist. Accordingly, it is **recommended** that this case be dismissed.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not

consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

In a previous Complaint, filed on August 13, 2004, the Plaintiff attempted to sue the Internal Revenue Service ("IRS"). *See Jones v. Cooper, et al.*, Civil Action No. 04-cv-01678-LTB-OES (D. Colo. 2004). Plaintiff alleged he had been working at the Centennial Lodge of Perfection during 2003, and the Lodge apparently withheld $843.75 from his wages for payment of taxes. Plaintiff believed that he was exempt from taxes and asked this Court to enter judgment in his favor with regard to the taxes, plus interest and the cost of filing the lawsuit, and also for damages against the named Defendants. During the progress of the lawsuit, the Plaintiff also petitioned this Court for judicial review of a civil penalty assessed against him by the IRS. The Defendants in that action filed a Motion To Dismiss, and the motion was ultimately granted. The case was dismissed on August 31, 2005, based upon, among other things, a lack of jurisdiction and a failure to state a claim upon which relief could be granted.

Plaintiff filed this current action on February 24, 2006, based on the same facts. Here, he is

seeking judicial review of the assessment of the $843.75 in taxes and the $500 civil penalty, together with the notice of intent to levy he received on May 23, 2005. Plaintiff requests judicial review pursuant to 26 U.S.C. § 7429(b) and its regulatory counterpart, 26 C.F.R. § 301.7429-3(a). The Plaintiff also alleges that he has been classified as an "illegal tax protester" by the IRS, and he seeks removal of that classification. With regard to the taxes and civil penalty, Plaintiff claims to have attempted the administrative review which was missing in his previous action. However, a review of Plaintiff's Complaint for pretrial case management purposes again obviously raises the issue of this Court's jurisdiction under the provisions of 26 U.S.C. § 7429(b) with regard to these issues, which the Court should address before allowing the case to proceed. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (court has a duty to determine subject matter jurisdiction *sua sponte*). Under the provision of Fed. R. Civ. P. 12(b)(1), the Court may reference "evidence extraneous to the complaint without converting it to a Rule 56 motion." *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987).

Accordingly, on March 22, 2006, an Order to Show Cause was issued to the Plaintiff, directing him to demonstrate cause as to why his Complaint should not be dismissed for lack of jurisdiction. On April 5, 2006, the Plaintiff filed his written response, in which he essentially raises the same arguments that he made in his previous lawsuit and as contained in his Complaint.

## DISCUSSION

Because the Plaintiff is proceeding without counsel, the Court must construe his pleadings and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Although the Court must liberally construe *pro se* pleadings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

"It is well settled that the United States . . . [is] immune from suit, unless sovereign immunity has been waived." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). Waivers of sovereign immunity must be strictly construed in favor of the sovereign, and may not be enlarged beyond what the language of the waiver requires. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). When a taxpayer brings an action against the United States, the taxpayer has the burden of showing an explicit waiver of sovereign immunity as a prerequisite to federal court jurisdiction. *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990). Plaintiff has failed to meet his burden in this regard.

The jurisdiction conferred to a federal district court under 26 U.S.C. § 7429(b), the statutory authority cited by the Plaintiff, does not authorize this Court to decide the correctness of tax liability assessed by the IRS. *See generally* 26 C.F.R. § 601.102(b)(1)(I) (Tax Court has exclusive jurisdiction over challenges to income tax assessments). Further, § 7429(b) is not intended as a substitute for other provisions of the tax code by which a taxpayer can seek determination of that correctness. *See* 26 U.S.C. § 7429(b)(2) and (3); *Vicknair v. United States*, 617 F.2d 1129, 1131 (5th Cir. 1980). Title 26 U.S.C. § 7429(b) does, however, permit judicial review of jeopardy and termination assessments made by the IRS. A termination assessment against an individual may occur if the IRS believes that a taxpayer may try to quickly depart from the United States, or try to remove

his property from the United States, or try to conceal himself or his property, or to do any other act which might prejudice or render attempts to collect the income tax for the current or the immediately preceding taxable year ineffectual. *See* 26 U.S.C. § 6851(a)(1). A jeopardy assessment may occur if the IRS believes that the assessment of a deficiency or the collection of taxes will be jeopardized by delay. *See* 26 U.S.C. § 6861(a), 6862(a). Jeopardy and termination assessments occur through a summary procedure, so the Internal Revenue Code allows a taxpayer to request judicial review under § 7429(b) after seeking administrative review from the IRS.

The Complaint filed by the Plaintiff fails to demonstrate that a jeopardy or termination assessment was made against him. A letter from the Taxpayer Advocate Service[1] attached to the Complaint demonstrates that the $843.75 was withheld by Plaintiff's employer from Plaintiff's pay during the ordinary course of his employment and the $500 penalty was assessed as a frivolous return penalty. Nothing in the filings of the Plaintiff demonstrates that these were either "jeopardy" or "termination" assessments. The Complaint further evidences that the Plaintiff has only received a notice of intent to levy, with no well-pled facts or facts from which it can be inferred to demonstrate that the IRS has levied or seized any of the Plaintiff's property or income. Accordingly, based upon the Complaint, there appears no jurisdiction for judicial review in this Court under the provisions of § 7429(b).

Plaintiff continues to labor under the argument that he has not been provided with documents to show that there was a tax liability against him. In particular, he contends that the IRS has repeatedly failed to provide him with a tax assessment in connection with the funds withheld from his

---

[1] The letter indicates that "The Office of the Taxpayer Advocate operates independently of any other IRS Office and reports directly to Congress through the National Taxpayer Advocate."

pay. However, the liability the Plaintiff faced for the withholding taken from his paycheck derives from his statutory duty to pay taxes, *see* 26 U.S.C. § 3101 *et seq.*, not an IRS assessment of the liability. Abundant precedent exists for the proposition in a variety of tax contexts that liability for federal taxes does not hinge on whether the IRS has made a valid assessment. *See, e.g., United States v. Latham*, 754 F.2d 747, 750 (7th Cir. 1985) (assessment of income taxes owed is not a legal necessity for income tax liability); *Maxwell v. U.S.*, 80 F. Supp.2d 1352, 1355-56 (N.D. Ga. 1999)(despite the fact that the IRS had made no formal assessment of taxes, the taxpayer properly owed taxes for the years in question). Plaintiff's position that if there is no assessment, there can be no tax liability and any funds remitted must be refunded as overpayments, is without merit. "[L]iability for income taxes arises, and in some sense it may be said that they accrue, at the time the gains, profits, and income passed into the hands of the recipient." *Macatee, Inc. v. United States*, 214 F.2d 717, 720 (5th Cir. 1954). Recourse for a taxpayer who is of the opinion that the taxes withheld from his or her paycheck were somehow incorrectly withheld is an action for refund of those monies. *See* 28 U.S.C. § 1346(a) (permitting suits against the government for recovery of taxes "erroneously or illegally assessed or collected"); 26 U.S.C. § 7422 (same relief).

Liberally construing the Plaintiff's *pro se* pleading as a suit for refund of the $843.75 withheld from his earnings, pursuant to 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422, the claim fails for the same reasons addressed in the previous lawsuit dismissed in this regard: the Plaintiff has failed to allege or show that he has satisfied the statutory prerequisites to maintain such a suit. *See Jones*, Civil Action No. 04-cv-01678-LTB-MEH, at Docket #35 (Recommendation of United States Magistrate Judge), pp. 11-15 and Docket #44 (Order accepting and adopting Recommendation). With regard to the $500 frivolous tax return penalty, the Plaintiff has failed to demonstrate that he utilized the remedial

procedures of 26 U.S.C. § 6330 or 26 U.S.C. § 6703(c) before filing his lawsuit in this Court. Since the judicial review authority of this Court concerning such penalties is limited to those issues properly raised and considered during hearings held in this regard, *see, e.g.,* 26 C.F.R. § 301.6330-1(f)(2), and Plaintiff has failed to allege that any such proceedings were held in his case, there appears to be no basis for jurisdiction of this Court.

In connection with Plaintiff's claim that he has been classified as an illegal tax protester, and that he does not want to be classified as such, Plaintiff contends that he "is not an illegal tax protester; because there is no tax that applies to him to protest" (Docket #1, p. 6). Plaintiff further argues, in response to cases referenced by the Taxpayer Advocate Service concerning constitutionality of the income tax system, that the cases involved persons liable to pay tax "because they were exercising some kind of Revenue Taxable Activities," whereas the Plaintiff contends he is not (Docket #1, pp. 6-7). The focus of a court's inquiry in this regard is whether the primary purpose of the relief requested is to restrain the collection and assessment of taxes or to enjoin the alleged actions of the defendant. *See Linn v. Chivatero*, 714 F.2d 1278, 1282 (5th Cir. 1983). It is clear from the allegations made by the Plaintiff that his Complaint in this regard is in connection with tax officials and their authority to assess and collect taxes from the Plaintiff. Therefore, the Anti-Injunction Act bars this claim. *See* 26 U.S.C. § 7421(a) (the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ."). The purpose of Plaintiff's relief is to restrain the government's assessment and/or collection of tax, and therefore, this Court is without jurisdiction to hear the claim.

Further, the Plaintiff has failed to allege well-pleaded facts or facts from which it could be inferred to demonstrate standing to request the relief he seeks in this regard, because he has not

alleged a threat of future harm or the need for prospective relief. Article III of the United States Constitution requires that a "case or controversy" be present in order to confer jurisdiction on federal courts for a particular claim; standing to sue is an essential part of that requirement. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975).

## **CONCLUSION**

Based on the Complaint and documents attached filed by the Plaintiff, together with the record herein, this Court lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, it is hereby **recommended** that this case be dismissed, without prejudice.[2]

Dated at Denver, Colorado, this 12th day of April, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[2] *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216-17 (10th Cir. 2002) (finding that a dismissal for lack of jurisdiction does not address the merits of a claim, and is therefore without prejudice).